# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

MARTY B. PACK,                           )
                                         )
        Plaintiff,            )
                                         )
v.                                       )    No.  2:24-CV-102-DCLC-CRW
                                         )
COCKE COUNTY, TENNESSEE, C.J.            )
BALL, JOSHUA R. HARTSELL, DAVID         )
KIRKLAND, MELODI JOY BOCOCKE,           )
WILL BROYLES, and JOHN AND JANE         )
DOES 1–5,                                )
                                         )
        Defendants.           )

## <u>ORDER</u>

This is a counsel-filed action for violation of 42 U.S.C. § 1983 in which Plaintiff alleges that Defendants failed to protect him from other inmates in the Cocke County Jail in a manner that violated his constitutional rights and Tennessee law [Doc. 1]. Now before the Court's is Plaintiff's motion requesting that the Court enter a default judgment against Defendant Broyles due to this Defendant's failure to file an answer or other timely response to the complaint and the Clerk's entry of default against this Defendant [Docs. 23, 24, 24-1].

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a Court may enter a default judgment against a defendant following the Clerk's entry of default. However, in a multi-defendant case where the plaintiff seeks default judgment against a single defendant and asserts that defendants are jointly liable for his claim(s), the Sixth Circuit has noted that "the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, at *3 (6th Cir. 1988). (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that to allow a

default judgment to be entered against one defendant in a "joint charge" while the other defendant continues defending the matter would be "unseemly and absurd")).[1]

In this case, Plaintiff asserts various state and federal claims arising out of Defendants' actions in failing to protect him from other inmates [*See*, *generally*, Doc. 1], for which he asserts Defendants are jointly liable to him for compensatory damages [*Id.* at 58]. All named Defendants other than Defendant Broyles have filed answers denying any liability in this action [Docs. 14, 19].

Accordingly, given the nature this action, the Court declines to grant Plaintiff default judgement against Defendant Broyles at this time in order to avoid the risk of inconsistent judgments, as well this Court's "strong preference" for hearing the merits of cases over the "'harsh sanction'" of default. *Shepard Claims Serv., Inc. v. William Darrah and Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (quoting *United Coin Meter Co., Inc., v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). As such, Plaintiff's motion for default judgment against Defendant Broyles [Doc. 24] is **DENIED without prejudice**.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker
United States District Judge

---

[1] Notably, other courts in this Circuit have relied on *Kimberly* to decline to grant default judgment in multi-defendant cases without joint liability allegations due to the risk of inconsistent judgments. *Am. Nat'l Prop. & Cas. Co. v. Williamson*, No. 2:20-CV-00539, 2020 WL 7021421, at *1–2 (S.D. Ohio Nov. 30, 2020) (noting that "[w]hile the current case is not necessarily one of joint and several liability, the logic underpinning the Court's decision in *Frow* is just as relevant in a case where a default declaratory judgment is sought against one defendant while other defendants remain in ongoing litigation" and declining to grant default judgment against a single defendant due to the risk of inconsistent judgments) (citation omitted); *Doe v. Athens Cnty.*, No. 2:22-CV-855, 2023 WL 5379571, at *1–2 (S.D. Ohio Aug. 22, 2023) (declining to enter default judgment against one defendant in a multi defendant case where the answering defendants contested liability due to the risk of inconsistent judgments).

2